IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH HEINZL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S CORPORATION,<br><br>Defendant. | Case No.: 2:14-cv-01353-RCM<br><br><br>Filed Electronically |

## DEFENDANT KOHL'S CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS [FRCP 12(b)]

Defendant Kohl's Corporation ("Kohl's"), by and through its undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, files the following brief in support of its Motion to Dismiss the Class Action Complaint ("Complaint") of Plaintiff Sarah Heinzl ("Plaintiff") against Kohl's for violations of Title III of the Americans with Disabilities Act ("ADA").

## I. INTRODUCTION

Plaintiff's Complaint is defective and should be dismissed because Plaintiff lacks standing to pursue her claims. Plaintiff's sole cause of action alleges violation of Title III of the ADA, which allows potential injunctive relief but no damages. Plaintiff seeks to pursue her ADA claim for herself and on behalf of all other persons in wheelchairs who have tried to access Kohl's stores. Because only injunctive relief is available, Plaintiff's standing to bring this suit hinges on whether she has plausibly alleged an actual injury, and whether a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury exists. The Complaint does not come close to meeting this threshold requirement.

## II. STATEMENT OF FACTS

Plaintiff's Complaint identifies 16 Kohl's properties that are allegedly inaccessible to persons in wheelchairs. Plaintiff alleges she "has visited" only one of these 16 properties –

1

namely, 6571 Steubenville Pike, in Pittsburgh. (Complaint, ¶ 18.) Plaintiff alleges she is a resident of the Brookline neighborhood of south Pittsburgh, and she shops in the Robinson area with friends who live in Carnegie and fills her prescriptions at the Robertson Walmart. (Complaint, ¶ 23.) She then claims she intends to return to the Steubenville store to ascertain the store's ADA compliance and to continue her "tradition" of shopping at the store on "Black Friday." (Complaint, ¶ 24.) As for the other 15 properties, Plaintiff makes no claim that she has visited, or will visit, any of these Kohl's stores; nor is it plausible that she will visit them.

Plaintiff also alleges that "investigators" visited the Steubenville property as well as 15 other Kohl's properties across multiple states (Ohio, New Jersey, West Virginia, Maryland, Pennsylvania, Delaware), and Plaintiff seeks relief under the ADA as to each of the 16 Kohl's properties, which area extends more than 500 miles. (Complaint, ¶ 19.) The properties are scattered across a broad geographic area, in 16 different cities and towns in Ohio (North Canton, Kent), Delaware (Wilmington), New Jersey (Vorhees, Marlton, Cherry Hill), West Virginia (Triadelphia), Maryland (Frederick, Hagerstown), and Pennsylvania (Pittsburgh, Bethel Park, Cranberry Township, Gibsonia, Irwin, Monroeville, West Mifflin).

Plaintiff pursues declaratory and injunctive relief on behalf of "all wheelchair users who have attempted, or will attempt, to access Defendant's facilities." (Complaint, ¶ 26.) The class definition is not limited in time or to the particular Kohl's stores specifically identified in the Complaint, but instead broadly encompasses all of "Defendant's facilities." *Id.* "Defendant's facilities," is not defined to be limited to the 16 properties identified in the Complaint.

## III. LEGAL STANDARDS GOVERNING MOTION TO DISMISS ADA COMPLAINT

### A. General Legal Standards Regarding Standing

A complaint may be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Without jurisdiction over the subject matter and the relief sought, a court is powerless to render a ruling, and a central component to subject matter jurisdiction is the question of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citing *Whitemore v. Ark*, 495 U.S. 149, 155 (1990)). "In order to set forth a viable claim in federal court, a plaintiff is

required to satisfy both the Article III constitutional minimum of a 'case or controversy' and any prudential considerations set by the courts." *Anderson v. Macy's, Inc.*, 943 F.Supp.2d 531, 538 (W.D.Pa. 2013). Plaintiff bears the burden of establishing standing. *Lujan*, 504 U.S. at 560-61. "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). *See also Doe v. Nat'l Bd. of Med. Examiners*, 210 Fed.Appx. 157, 159 (3d Cir. 2006). Standing requirements are applied "rigorously." *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 475-76 (1982). For instance, although the Federal Rules require only a "short and plain statement" showing plaintiff is entitled to relief (FRCP 8(a)), the complaint must contain <u>particularized allegations of fact</u> supporting plaintiff's standing to sue. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a formulaic recitation of the elements of a cause of action will not do"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Jackson v. Bellsouth Telecomm.*, 372 F.3d 1250, 1262-1263 (11th Cir. 2004) ("[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").

Because standing is a threshold inquiry relevant to the court's jurisdiction, it is a matter properly raised at the outset on a motion to dismiss, even in a class action. *City of Pittsburgh v. West Pennsylvania Power Co.*, 147 F.3d 256, 264 (3d Cir. 1998) (affirming dismissal for lack of standing); *Byrd v. Aaron's, Inc.*, —F.Supp.2d—, 2014 WL 1327503 at *9 (W.D.Pa., Mar. 31, 2014) ("[c]lass representatives do not gain standing through injuries to class members"); William Rubenstein and Alba Conte, *Newberg on Class Actions*, § 2:6 (5th ed. 2012) ("[b]ecause individual standing requirements constitute a threshold inquiry, the proper procedure when the

3

class plaintiff lacks individual standing is to dismiss the complaint, not to deny class certification"). Furthermore, "the fact that a suit is filed as a proposed class action does not change the question of standing. *Byrd* at *9, citing *Lewis v. Casey*, 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In other words, the fact that the complaint alleges a proposed class action "adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Byrd* at *9, citing *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40, 96 S.Ct. 1917, 48 L.Ed.2d 450, fn. 20 (1976). *See also Warth v. Seldin*, 422 U.S. 490, 517-18, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent"); *In re McNeil Consumer Healthcare*, 877 F.Supp.2d 254, 273 (E.D.Pa. 2012) (granting motion to dismiss claims in putative class action where no named plaintiff had suffered the claimed injury, notwithstanding allegations that absent class members had experienced that injury).

    **B.**    **To Establish Standing, An ADA Plaintiff Must Allege An Injury In Fact**

Under Title III of the ADA, private plaintiffs may not obtain monetary damages, and therefore only injunctive relief is possible. *Reviello v. Phila. Fed. Credit Union*, 2012 WL 2196320 at *4 (E.D.Pa. June 14, 2012). Plaintiffs seeking prospective injunctive relief "must demonstrate a 'real and immediate threat' of future injury in order to satisfy the 'injury in fact' requirement." *Anderson*, 943 F.Supp.2d at 538, quoting *Access 4 All, Inc. v. Absecon Hospitality Corp.*, 2006 WL 3109966 at *5 (D.N.J. Oct. 30, 2006), quoting *City of L.A. v. Lyons*, 461 U.S. 95, 103-04 (1983). "To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must allege 'enough <u>facts</u> to state a claim for relief that is <u>plausible</u> on its face.'" *Anderson*, 943 F.Supp.2d at 536-37 (emphasis added), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 683 (2009); *Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A "motion to dismiss should be granted if a party does not allege <u>facts</u> which could, if established at trial, entitle him to relief." *Anderson*, 943 F.Supp.2d at 537 (emphasis added), citing *Fowler*, 578 F.3d at 211. To meet her burden of showing an imminent injury in fact, Plaintiff can allege facts under either an "intent to return" theory or a "deterrent effect" theory.

### 1. Intent To Return Theory: Four Factors Of Injury In fact

The most straightforward way of alleging an injury in fact under the ADA is to allege that the plaintiff encountered access barriers at a property, that the barriers continue, and that the plaintiff intends to return to the property and will again encounter the barriers. This District has explained that in such ADA cases courts look to four factors to determine whether the allegations establish a likelihood of the plaintiff returning to the place of the alleged ADA violation, and whether the threat of injury is concrete and particularized: "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel." *Anderson*, 943 F.Supp.2d at 539, quoting *Harty v. Burlington Coat Factory of Pa., LLC*, 2011 WL 2415169 at *4 (E.D.Pa. June 16, 2011).

As to the first factor, regarding proximity, "as the distance between a plaintiff's residence and a public accommodation increases, the potential for the occurrence of future harms decreases." *Anderson*, 943 F.Supp.2d at 539, quoting *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1163-64 (C.D.Cal. 2005). For example, in *Anderson*, the court dismissed a complaint alleging ADA violations at multiple department store locations spread over the Pittsburgh metropolitan area, concluding that it was highly unlikely that the plaintiff would return to a store 21.7 miles away from her home or 100 miles away when there was another Macy's store five miles from her residence. *Anderson*, 943 F.Supp.2d at 539. *See also, Reviello*, 2012 WL 2196320 at *5 (proximity not established as to credit union location 50 miles from plaintiff's home when another location of that credit union was within three miles of his home). When considering proximity and the likelihood of an ADA plaintiff plausibly returning to the place of

an alleged violation, the court may particularly take into account that the plaintiff has alleged actually patronizing the location close by while only "surveying" or "investigating" the more distant locations. *Anderson*, 943 F.Supp.2d at 539.

As to the second factor, regarding the plaintiff's history of patronizing the place of the alleged ADA violation, the court may consider whether the plaintiff has ever been to the site, and whether prior visits, if any, were for any purpose other than to "survey" or "investigate" them. *Anderson*, 943 F.Supp.2d at 539. When a plaintiff visits a public accommodation "only once, the lack of a history of past patronage seems to negate the possibility of future injury at [that] particular location." *Id.*, quoting *Molski*, 405 F.Supp.2d at 1163.

The third factor is the plaintiff's plan to return to the place of accommodation. "[T]he plaintiff must put forth a definitive, uncontested intent to return before filing the complaint to establish standing." *Anderson*, 943 F.Supp.2d at 540, quoting *Disabled Patriots of Am., Inc. v. City of Trenton*, 2008 WL 4416459 at *2 (D.N.J. Sept. 24, 2008). A plaintiff's intention to return to defendant's restaurant "'some day' . . . without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the" requisite actual or imminent injury. *Lujan*, 504 U.S. at 564, 112 S.Ct. 2130. A plaintiff's threadbare allegation of a desire to return "is essentially the equivalent of pleading to return 'some day.'" *Anderson*, 943 F.Supp.2d at 539, quoting *Dempsey v. Pistol Pete's Beef N Beer, LLC*, 2009 WL 3584597 at *4 (D.N.J. Oct. 26, 2009). When a plaintiff alleges no <u>facts</u> in her complaint about a definitive plan to return to any of the places of alleged ADA violations, especially those more distant locations beyond the close-to-home location she allegedly patronized, she fails to satisfy this factor. *Anderson*, 943 F.Supp.2d at 540 (granting motion to dismiss and finding this factor unsatisfied, where plaintiff had alleged no facts to suggest she would return to distant department stores when other locations of that department store were closer to her home). The failure to allege a definite plan to return "is more than one of mere form as without this information the Court is unable to evaluate the likelihood that Plaintiff will, in fact, return" to defendants' stores. *Id.* at 541, quoting *Dempsey,* 2009 WL 3584597, at *5; *see*

*also Reviello,* 2012 WL 2196320, at *5. (While "[a]t the pleading stage, it is not in the province of the judge to decide the credibility of the plaintiff's stated intent to return . . . Dismissal is appropriate, however, where, as here, plaintiff makes no allegations to support a finding of an intent to return.")

When it is facially implausible that the plaintiff will imminently return to all the properties his allegations place at issue, or even to any property other than the one immediately closest to his home, courts have granted motions to dismiss for lack of standing at least as to all properties except the one closest to home. *Clark v. Burger King*, 255 F.Supp.2d 334, 343, fn. 10 (D.N.J. 2003) ("[s]ince architectural barrier removal actions under the ADA are site specific, Clark only has standing with respect to stores where, prior to filing, he was subjected to discrimination on account of his particular disability"); *Small v. General Nutrition Companies, Inc.*, 388 F.Supp.2d 83, 88-89 (E.D.N.Y. 2005) (granting motion to dismiss as to all store locations except for the one in plaintiff's immediate neighborhood, since there was not a sufficient likelihood that the plaintiff would return to any location other than the one closest to home).

For the fourth factor, courts look to the plaintiff's preexisting frequency of travel to the property with the alleged ADA violation, taking into account ties (or lack of alleged ties) that the plaintiff has with the property, such as a professional or family reason to be in the area, especially when it is more plausible that the plaintiff would patronize a location closer to home. *Anderson*, 943 F.Supp.2d at 541 (dismissing complaint where "Plaintiff fails to plead facts that would demonstrate either a preexisting business or familial tie within the areas of any of the Macy's which lie further than the Monroeville store from her residence").

### 2. Deterrent Effect Theory: Injury In Fact Via Knowledge Of Barriers

Under the deterrent effect test, a plaintiff is considered to have suffered an actual injury when he or she is deterred from patronizing a public accommodation because of accessibility barriers. *Garner v. VST Bank*, 2013 WL 6731903 at *5 (E.D.Pa. Dec. 20, 2013). To satisfy this test, a plaintiff must show that he or she (1) has actual knowledge of barriers preventing equal

access; and (2) would use the facility if not for the barriers. *Id.* at *6. Thus, if a plaintiff has knowledge of ADA barriers but has not personally encountered the barriers, she need not go through the futile gesture of visiting the property to experience the barriers, just to have standing to sue. However, she must still allege facts sufficient to show that she <u>would use that facility</u> if the barriers were not there. *Id.*

## IV. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT ALLEGED FACTS TO ESTABLISH AN INJURY IN FACT

To have standing, Plaintiff must allege sufficient facts to establish an ADA injury as to each of the properties targeted by her Complaint – that is, the one Steubenville property she has actually visited, the 15 other identified properties her investigators visited, and also the other "Defendant's facilities" she includes in her class definition. Plaintiff's allegations do not satisfy this fundamental standard.

Taken in the most favorable light, Plaintiff's Complaint alleges: (1) Plaintiff encountered one or more barriers at a single Kohl's property – the Steubenville property – which is the Kohl's facility closest to her residence; (2) Plaintiff is deterred from visiting 15 other Kohl's properties based on information she obtained from "investigators"; and (3) Plaintiff seeks an injunction as to all "Defendant's facilities." (Complaint, ¶¶ 18-19, 26.) Plaintiff alleges no facts as to Defendant's facilities other than those specifically identified in the Complaint. Under either an "intent to return" theory or a "deterrent effect" theory, Plaintiff has not alleged sufficient facts to establish the required injury in fact, and therefore lacks standing.

As in *Anderson*, 943 F.Supp.2d 531, this Motion to Dismiss should be granted because Plaintiff has alleged no facts to support any of the four factors considered in an "intent to return" theory. As to the first factor, proximity, Plaintiff alleges only that she is likely to return to the Steubenville property because she once shopped there on "Black Friday." There are no alleged facts suggesting Plaintiff would ever likely go to any other Kohl's property – and, indeed, Plaintiff alleges the Steubenville property is the only one she has ever visited. Looking at the other 15 properties identified in the Complaint, those properties extend over an area covering

hundreds of square miles, encompassing multiple metropolitan cities, without any suggestion that Plaintiff has been or will be in those areas, let alone at those stores. *Id.* ¶ 19. As in *Anderson*, it is not plausible that Plaintiff would travel to far-flung Kohl's stores when there are others close by. This is particularly so when Plaintiff alleges to have visited only the single Kohl's location. *Anderson*, 943 F.Supp.2d at 539. ("Without much more, there is no basis to conclude that it is at all plausible that Plaintiff's distant proximity to the majority of the Macy's stores she references may establish a likely intent to return to any of them, at least as to the ones she has not actually shopped.")

Second, Plaintiff has alleged no reliable history of patronage at any Kohl's stores, given her allegations that she visited only one location. (Complaint, ¶ 18.) Without any factual allegations to allege more than this limited contact with a single Kohl's property, Plaintiff's allegations are not enough to carry her Complaint "across the goal line" to establish standing as to "all Defendant's facilities," or even as to the 16 properties identified in her Complaint. *Anderson*, F.Supp.2d at 540. ("When a plaintiff visits a public accommodation 'only once, the lack of a history of past patronage seems to negate the possibility of future injury at [that] particular location.'")

Third, Plaintiff has not alleged any plausible plan to return to any Kohl's property. Plaintiff seeks relief as to multiple Kohl's properties but has not visited any but one; it is implausible that she would genuinely return to 16 different Kohl's properties over a distance of about 500 miles. (Complaint, ¶¶ 18-19.) Her cursory allegation of "someday" plans to visit all the properties is implausible and legally inadequate. *Anderson*, F.Supp.2d at 540. ("Anderson alleges in her Complaint no facts that evidence a definitive plan to return to any of the stores, especially those beyond the two (2) stores where she actually shopped, and therefore fails to satisfy this factor.")

Fourth, the Complaint is void of any facts alleging Plaintiff's frequency of travel to the areas of the several properties identified in the pleading, let alone to all "Defendant's facilities." There are not even allegations on which the Court could base any presumptions about the

frequency with which Plaintiff might be in the area of the Kohl's properties in Eastern Pennsylvania, let alone those in West Virginia, Ohio, Maryland, or Delaware. Again, the Complaint is devoid of facts to establish this factor of standing. *Anderson*, 943 F.Supp.2d at 541.

Finally, even under a "deterrent effect" theory, Plaintiff must plausibly allege sufficient facts to show that she would patronize each of the Kohl's stores if not for the alleged barriers of which she has knowledge. *Garner*, 2013 WL 6731903 at *6. The scant facts in the Complaint put into doubt that she would ever go to the several Kohl's properties or to "all Defendant's facilities." It cannot plausibly be presumed that Plaintiff would visit so many different Kohl's properties over so broad a geographic area, especially because she has no established history of patronage at Kohl's stores other than her limited experience with the Steubenville property, and no alleged history of frequent travel to the area of any other Kohl's store.

## V. CONCLUSION

Defendant Kohl's therefore respectfully urges the Court to grant this Motion to Dismiss due to Plaintiff's failure to allege sufficient facts to establish standing. At the very least, Plaintiff's standing should be limited to the one Kohl's property she allegedly visited (6571 Steubenville Pike, Pittsburgh).

Dated: November 3, 2014

Respectfully submitted,

 */s/ Melinda Evans*

Matthew R. Orr (CA 211097) (*Pro Hac Vice*)
morr@calljensen.com
Melinda Evans (CA 216594) (*Pro Hac Vice*)
mevans@calljensen.com
Michael S. Orr (CA 196844) (*Pro Hac Vice*)
msorr@calljensen.com
Call & Jensen, APC
610 Newport Center Drive, Suite 700
Newport Beach. CA 92660
Tel: (949) 717-3000; Fax: (949) 717-3100

Attorneys for Defendant Kohl's Corporation