# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH HEINZL, individually and on behalf of all others similarly situated, | United States Magistrate Judge Robert C. Mitchell |
| Plaintiff, | Filed Electronically |
| v. | |
| BOSTON MARKET CORPORATION, | Case No. 2:14-cv-00997 |
| Defendant. | |
| MCDONALDS CORPORATION, et al., | Case No. 2:14-cv-01049 |
| Defendants. | |
| SUNOCO, INC., | Case No. 2:14-cv-01077 |
| Defendant. | |
| LEVIN FURNITURE CO., | Case No. 2:14-cv-01214 |
| Defendant. | |
| STARBUCKS CORPORATION, | Case No. 2:14-cv-01316 |
| Defendant. | |
| KOHL'S CORPORATION, | Case No. 2:14-cv-01353 |
| Defendant. | |
| SPC REALTY COMPANY, | Case No. 2:14-cv-01414 |
| Defendant. | |
| CRACKER BARREL OLD COUNTRY STORE, INC., | Case No. 2:14-cv-01455 |
| Defendant. | |

**PLAINTIFF'S PRE-HEARING STATEMENT**

A.   **Introduction**

Plaintiff Sarah Heinzl submits this pre-hearing statement both to apprise the Court of her ongoing discovery efforts and to seek its guidance on the question of class certification pursuant to Federal Rule of Civil Procedure 23(b)(2).

It is important to note that, whether the claims are styled as individual or class-wide claims, the plain statutory language of the Americans with Disabilities Act (the "ADA") expressly provides for the injunctive relief sought by Ms. Heinzl here. In relevant part, the ADA provides:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….***Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy***. . .

42 U.S.C. § 12188(a)(2) (emphasis added). Consistent with 42 U.S.C. § 12188(a)(2), in each action *sub judice,* Plaintiff seeks a permanent injunction requiring:

  a) that each defendant remediate all parking and path of travel access barriers at its facilities, consistent with the ADA;

  b) that each defendant change its corporate policy so that the parking and path of travel access barriers at its facilities do not reoccur; and,

  c) that Plaintiff's representatives shall monitor each defendant's facilities to ensure that the injunctive relief ordered has been implemented and will remain in place.

B.   **Rule 23(b)(2) Class Certification Is Specifically Intended To Facilitate Injunctive And Declaratory Relief To Remedy Discriminatory Conduct And Policies**

In each action, Ms. Heinzl's claims for permanent injunctive relief are asserted as class claims pursuant to Fed. R. Civ. P. 23(b)(2). Fed. R. Civ. P. 23(b)(2) was specifically intended to be utilized in civil rights cases (such as the cases *sub judice*)

where the Plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . . . Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

As Judge Mark Hornak recently noted in affirming this Court's denial of the motion to dismiss in the *Cracker Barrel* litigation:

> A treatise on class actions states that 'Rule 23(b)(2) authorizes class actions when all the prerequisites of Rule 23(a) have been met, and 'the party opposing the class acted or refused to act on grounds that apply to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Newberg on Class Actions* § 4:26 (5th ed. 2014) (quoting Fed. R. Civ. P. 23(b)(2). Plaintiff also observes that ***our Court of Appeals has held that Rule 23(b)(2) 'is almost automatically satisfied in actions primarily seeking injunctive relief*** …. What is important is that the relief sought by the named plaintiffs should benefit the entire class.'

Opinion at 3 (emphasis added). Here, the relief sought – an injunction requiring both remediation of the Defendants' parking facilities and meaningful changes to their respective corporate ADA compliance policies – clearly benefits the classes Ms. Heinzl seeks to represent. In factual circumstances such as these, the overwhelming majority of courts to address Rule 23(b)(2) class certification in the ADA architectural barrier context have held in favor of class certification. *Kerrigan v. Phila Bd. of Educ.*, 248 F.R.D. 470 (E.D. Pa. 2008) (certifying class of mobility disabled individuals challenging access barriers at over 400 polling stations); *Arnold v. United Artists Theatre Circuit, Inc.*, 158

3

F.R.D. 439 (N.D. Cal. 1994) (certifying a class of mobility disabled individuals challenging numerous types of design features at 70 movie theaters); *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 426 (5th Cir. 1997) (affirming certification of a class of blind and mobility-impaired individuals challenging accessibility of polling places); *Colorado Cross-Disability v. Taco Bell*, 184 F.R.D. 354, 363 (D. Colo. 1999) (certifying class of wheelchair users challenging access barriers at approximately 42 restaurants); *Access Now, Inc. v. AHM CGH, Inc.*, 2000 WL 1809979 (S.D. Fla. July 12, 2000) (certifying national barrier removal class under involving acute care hospitals, ambulatory surgical centers, specialty clinics and medical office buildings throughout United Stated operated by Tenet Healthcare); *Armstrong v. Davis*, 275 F.3d 849, 868-69 (9th Cir. 2001) (affirming certification of class of individuals with varying disabilities challenging barriers and policies at prison facilities in California); *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604 (N.D. Cal. 2004) (certifying a class of mobility disabled individuals challenging various categories of architectural barriers at all of Taco Bell's corporate owned and/or operated California stores); *Lucas v. Kmart Corp.*, 2005 WL 1648182 (D. Colo. July 13, 2005) (certifying nationwide barrier removal class under Rule 23(b)(2) involving more than 1,500 retail stores); *National Federation of the Blind v. Target Corp.*, 582 F.Supp.2d 1185, 1199-1203 (N.D. Ca. 2007) (certifying class of persons with visual impairments challenging accessibility of retailer's website);; *Park v. Ralph's Grocery Co.* (certifying a class of mobility disabled individuals seeking structural modifications to the parking lots, restrooms and counters at over 90 grocery stores throughout California); *Californians for Disability Rights, Inc. v. California Dep't of Transp.*, 249 F.R.D. 334 (N.D. Cal. 2008) (certifying a class of individuals with

mobility and vision disabilities challenging thousands of different types of barriers throughout the state of California); *Gray v. Golden Gate Nat. Recreational Area*, 279 F.R.D. 501 (N.D. Cal. 2011) (certifying a class of individuals with mobility and vision disabilities challenging thousands of different barriers across over 75,000 acres and over 30 separate park locations); *Shields v. Walt Disney Parks & Resorts US, Inc.*, 279 F.R.D. 529 (C.D. Cal. 2011) (certifying a number of classes composed of individuals with vision disabilities claiming Disney resort's websites were inaccessible); *Colorado Cross-Disability Coalition et al. v. Abercrombie & Fitch*, 765 F.3d 1205, 1214-17 (10th Cir. 2014) (affirming certification of barrier removal action under Rule 23(b)(2) involving 250 stores in 40 different states).[1]

C.  **Class Certification Is Not A Prerequisite for Injunctive Relief From The Offending ADA Compliance Policies**

While Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2) in each of the actions in an effort to facilitate judicial economy, class certification is plainly not a prerequisite to Ms. Heinzl's ability to obtain permanent injunctive relief, as is expressly contemplated by the plain language of the ADA statute. *See* 42 U.S.C. §

---

[1] A small number of courts have denied class certification in ADA Title III discrimination cases. *See Castaneda v. Burger King Corp.*, 264 F.R.D. 557, 568 (N.D. Cal. 2009) (focusing on the condition of the parking facilities and the individual stores and denying class certification for ADA claims against 92 franchised Burger King restaurants by holding "the real problem [involved] proving that each of the 92 stores were (and are) in violation of the disability laws in the first place."); *Mielo v. Bob Evans Farms, Inc.*, No. 14-cv-1036, 2015 WL 1299815, at *10 (W.D. Pa. Mar. 23, 2015) (focusing on the individual condition of each Bob Evan's parking facility and denying certification by holding, among other things, that even if Bob Evans systematically failed to design, construct and maintain its parking facilities in violation of the ADA, the parking facilities would require individual assessment before liability could be established). Plaintiff respectfully submits that these courts applied the incorrect standard under Rule 23(b)(2) by disregarding the literal text of the Rule and the abundant authority applying the Rule to certify classes for injunctive and declaratory relief in the ADA Title III context.

12188(a)(2) ("[i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….***Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy*. . . .**"). Should this Court prefer Ms. Heinzl proceed on an individual basis, she is prepared to demonstrate through additional on-site investigation how the infirmities in the respective ADA compliance policies have led to widespread architectural barriers at Defendants' locations.

D.  **Plaintiff's Ongoing Investigative Efforts**

Investigators working at Ms. Heinzl's direction have pursued – and continue to pursue[2] – a robust investigation of each Defendant's facilities across multiple states in an effort to demonstrate pervasive failures in the companies' respective ADA compliance policies, both in their conception and implementation. The results of these investigations are compelling and reveal the significant and widespread inadequacies in Defendants' ADA compliance policies:

  1.  **Sunoco**

Plaintiff's investigators visited the parking facilities at 146 Sunoco locations in Pennsylvania, Ohio and New York. Plaintiff will make its formal investigative report available to Sunoco and the Court upon request. ***The investigators recorded ADA violations at 136 of the 146 locations, or more than 93% of the locations visited.*** Six of the Sunoco locations visited provided no accessible parking facilities whatsoever – a

---

[2] Ms. Heinzl's attorneys, the law firm of Carlson Lynch Sweet & Kilpela, LLP, have been retained by clients in Washington, New York, Illinois, Missouri, New Jersey, Colorado and Texas, where investigation of the Defendants' parking facilities continues. Some or all of the operative pleadings in the actions *sub judice* may be amended at the conclusion of these investigations.

disturbing fact nearly 25 years after passage of the ADA. Plaintiff will make available to Sunoco and the Court its formal investigative report upon request.

Sunoco produced documents on April 20th and again on April 28th. It has not propounded any written discovery on Plaintiff.

Plaintiff deposed Sunoco corporate designee Jeff Bauer on April 29th. The deposition testimony disclosed the following pertinent facts, *inter alia*:

- In 2005, Sunoco and the United States Department of Justice ("DOJ") entered into a settlement agreement wherein Sunoco agreed to remediate inaccessible conditions at certain of its service stations;

- Despite the DOJ settlement, and as noted above, there are still parking/path of travel violations at in excess of 90% of Sunoco's locations;

- While it claims that it has an ADA compliance policy for newly-constructed locations, Sunoco does not have any policy for periodic review of ADA compliance in the parking facilities at existing locations;

- Sunoco acknowledges that the slope and grade conditions of its accessible spaces and paths of travel can change over time;

- Sunoco has no corporate knowledge regarding whether the accessible parking spaces and paths of travel at its existing stations/convenience stores are in compliance with the slope and grade regulations of the ADA; and

- Sunoco's corporate designee expressly confirmed that Sunoco has the ability to comply with the injunction Ms. Heinzl and the classes seek here – an injunction directing it to assess its existing stations/convenience to determine whether accessible parking spaces and paths of travel comply with the slope and grade requirements of the ADA, and then to perform remediation work where necessary.

2. **Cracker Barrel**

Plaintiff's investigators visited the parking facilities at 34 Cracker Barrel restaurants in Pennsylvania, Ohio, New York and Texas. Plaintiff will make its formal investigative report available to Cracker Barrel and the Court upon request. ***The***

*investigators recorded ADA violations at 32 of the 34 locations, or more than 94% of the locations visited.* Plaintiff's investigation will continue in the coming months.

To date, Cracker Barrel has not produced any responsive documents though it is required to do so by May 8th pursuant to this Court's Order. In addition, it has not provided any substantive answers to Plaintiff's interrogatories. Cracker Barrel has not propounded any discovery on Plaintiff to date. A Rule 30(b)(6) deposition of a Cracker Barrel corporate designee is currently scheduled for May 28, 2015.

### 3. Kohl's

Plaintiff's investigators visited the parking facilities at 35 Kohl's stores in Pennsylvania, Ohio, New York, New Jersey, Delaware and Maryland. Plaintiff will make its formal investigative report available to Kohl's and the Court upon request. *The investigators recorded ADA violations at 33 of the 35 locations, or more than 94% of the locations visited.*

Discovery produced by Kohl's demonstrates that the Company has no formal, written ADA compliance policy for its parking facilities. A Rule 30(b)(6) deposition of a Kohl's corporate designee is currently scheduled for June 5, 2015.

### 4. Boston Market

Plaintiff's investigators visited the parking facilities at 44 Boston Market restaurants in Pennsylvania, Ohio, Maryland and Delaware. Plaintiff will make its formal investigative report available to Boston Market and the Court upon request. *The investigators recorded ADA violations at 42 of the 44 locations, or more than 95% of the locations visited*.

Boston Market produced just 160 pages of documents on April 22, 2015. Based upon the document production to date, Boston Market does not appear to have any formal, written ADA compliance policy for its parking facilities. In addition, it has not provided any substantive answers to Plaintiff's interrogatories. A Rule 30(b)(6) deposition of a Boston Market corporate designee is currently scheduled for June 3, 2015.

**5.     Starbucks**

Plaintiff's investigators visited the parking facilities at 32 Starbucks locations in Pennsylvania, Ohio, Idaho, New Jersey, Delaware, West Virginia, Maryland and Texas. Plaintiff will make its formal investigative report available to Starbucks and the Court upon request. ***The investigators recorded ADA violations at 28 of the 32 locations, or more than 87% of the locations visited.***

On March 3rd and 4th, Starbucks filed four separate motions seeking protective orders from this Court to limit or deny Plaintiff's discovery requests, which were propounded on January 20, 2015 and February 26, 2015, respectively. On March 16, this Court denied Starbucks' motions. Between April 9th and April 15, 2015, Starbucks filed four motions for reconsideration. Plaintiff's opposition to the reconsideration motions is due on May 11, 2015. To date, Starbucks has not produced any documents or provided any meaningful responses to Plaintiff's interrogatories.

Starbucks propounded discovery on Plaintiff on April 27, 2015. Plaintiff's responses are due on June 1, 2015.

**6.     McDonalds**

Plaintiff's investigators visited the parking facilities at 124 McDonalds restaurants in Pennsylvania, Ohio, Idaho and Texas. Plaintiff will make its formal investigative

report available to McDonalds and the Court upon request. *The investigators recorded ADA violations at 88 of the 124 locations, or more than 70% of the locations visited.*

The parties are currently holding discovery in abeyance for three weeks pending settlement negotiations.

### 7. SPC Realty

Plaintiff's investigators visited the parking facilities at 6 SPC Realty locations in Pennsylvania. *All of the visited locations (100%) are in violation of the ADA.*

The parties have agreed to resolve this matter, pending execution of a settlement agreement.

### 8. Levin Furniture

Plaintiff's investigators visited the parking facilities at 19 Levin locations in Pennsylvania and Ohio. *All of the visited locations (100%) are in violation of the ADA.*

The parties have agreed to resolve this matter, pending execution of a settlement agreement.

Dated: May 5, 2015                                          Respectfully Submitted,

/s/ *Benjamin J. Sweet*
Bruce Carlson (PA56657)
bcarlson@carlsonlynch.com
Benjamin J. Sweet (PA87338)
bsweet@carlsonlynch.com
Stephanie Goldin (PA202865)
sgoldin@carlsonlynch.com
**CARLSON LYNCH**
**SWEET & KILPELA, LLP**
PNC Park
115 Federal Street, Suite 210
Pittsburgh, PA 15212
www.carlsonlynch.com
(p) 412.322.9243
(f) 412.231.0246